OLIVER DITSON CO. v. LITTLETON et al.

(Circuit Court of Appeals, First Circuit. April 25, 1895.)

No. 111.

COPYRIGHT—MUSICAL COMPOSITIONS—MANUFACTURE IN UNITED STATES.

The proviso in section 3 of the copyright act of March 3, 1891, that "in the case of a book, photograph, chromo, or lithograph," the two copies required to be delivered to the librarian of congress shall be manufactured in this country, does not include mere musical compositions though published in book form, or made by lithographic process. 62 Fed. 597, affirmed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit in equity by Alfred H. Littleton and others against the Oliver Ditson Company for infringement of the copyright on three musical compositions, two of which are in the form of sheet music, and one (a cantata) consists of some 90 pages of music bound together in book form, and with a paper cover. Two of these pieces were printed from electrotype plates, and one from stone, by the lithographic process. An injunction was granted by the circuit court, after delivering an opinion, which is reported in 62 Fed. 597. The defendant appeals.

Linus M. Child and Causten Browne, for appellant.
Lauriston L. Scaife, for appellees.

Before PUTNAM, Circuit Judge, and WEBB and ALDRICH, District Judges.

PER CURIAM. We are satisfied with the conclusion of the circuit court in this case, and adopt the opinion of the learned judge of that court, except that we do not deem it necessary to investigate the history of the bill which resulted in the copyright statute of March 3, 1891 (26 Stat. 1106), in question, or to determine how far that history is pertinent to the construction of the act. The case deals with copyrighted matters alone, which are only the musical parts, or notations, of complainants' publications. We are not called on to consider a case in which more than the notation is covered by a copyright. That musical compositions, as such, differ, in the view of the copyright law, from books, as such, necessarily follows from the fact that when musical compositions were first made copyrightable the penalty for infringing was made expressly and distinctively other than that for infringing the copyrighted book. Act Feb. 3, 1831 (4 Stat. 437, 438, §§ 6, 7). And it so stands in the present statute. Act March 3, 1891 (26 Stat. 1109, §§ 7, 8). There are other particulars in which the statutes make the same distinction, but in this one the result is unavoidable. What were copyrighted here were clearly musical compositions, and nothing else, and the distinction thus made by these penal provisions cannot be maintained unless the result reached by the circuit court is accepted. The word "lithograph," found in the proviso in section 3 of the statute under consideration, represents only a subdivision of the matters embraced in the word "print," in the same section, which gets its meaning and limitation, for the purposes of this statute, from its immediate association with the words "engraving, cut." This is emphasized by the third section of the act of June 18, 1874 (18 Stat. 78), which expressly limits the word to pictorial illustrations, or works connected with the fine arts. Moreover, the introduction of the proviso by the words "in the case" constitutes a legislative selection from what precedes it, and shows that the qualifying effect of the proviso was intended to be limited to a part only of the things named in the body of the section. These words necessarily make the whole section in pari materia. It is true that in some parts of the statutes the words "book," "print," and "musical composition," refer to the intellectual conception as the essential element, and in other parts may refer more particularly to the material form in which it is expressed; but nowhere does either

element exclusively exist, because no intellectual conception is copyrightable until it has taken material shape. Therefore, there is no reason for holding that the use of the words "book, photograph, chromo, or lithograph," in the proviso, involves a departure from the distinctive idea appertaining to either in other parts of the statutes touching the subject-matter of copyright. If the statutes were of doubtful meaning, the history of the bill, the omission of the words "dramatic composition" from some of the provisions of the statutes, the contemporaneous construction by the departments or officers of the United States, and perhaps other propositions urged upon either side, might have weight; but, in a case so clear as the one at bar, we do not deem it necessary to invoke such aids, or to note the conditions or limitations under which such considerations should weigh in the interpretation of doubtful statutory provisions. The decree of the circuit court is affirmed.